Exhibit A

IN THE STATE COURT OF ROCKDALE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAUTHAUNNE WILLIAMS;<br><br>    Plaintiff,<br>v.<br><br>CONNOR LENTZ;<br>GERALD CLONTZ TRUCKING, INC.;<br>and BERKLEY CASUALTY COMPANY;<br><br>    Defendants. | CIVIL ACTION<br><br>FILE NO. 2024-SV-1319<br><br><br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

COMES NOW PLAINTIFF JAUTHAUNNE WILLIAMS ("Plaintiff"), by and through her counsel of record, and files this her First Amended Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on or about December 12, 2022, in Rockdale County, Georgia.

**PARTIES, JURISDICTION, AND VENUE**

2.

Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 8:05 am on or about December 12, 2022, in Rockdale County, Georgia.

3.

Plaintiff is a resident of Dekalb County, Georgia.

**FIRST AMENDED COMPLAINT FOR DAMAGES – Page 1**

4.

Defendant Connor Lentz ("Lentz") resides at 341 Park Road, Albemarle, Stanly County, North Carolina and may be served with a copy of the Summons and Complaint at this address.

5.

Lentz may also be served with a copy of the Summons and Complaint through the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2 as Lentz is a non-resident motorist and lives in a state other than Georgia.

6.

Lentz is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act. Lentz is also subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91, as Lentz committed a tortious act and/or omission within the State of Georgia. Lentz may be served pursuant to O.C.G.A. § 40-12-2, Georgia's Non-resident Motorist Act.

7.

Once served with process, Lentz is subject to the jurisdiction and venue of this Court.

8.

Lentz was properly served with process in this civil action.

9.

Lentz was sufficiently served with process in this civil action.

10.

Lentz is subject to the jurisdiction of this Court.

11.

Defendant Gerald Clontz Trucking, Inc. ("Gerald Clontz Trucking") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in Georgia. Gerald Clontz Trucking is a federal motor carrier authorized to transport goods for hire in interstate commerce by the Federal Motor Carrier Safety Administration and has a U.S. Department of Transportation Number 338671.

12.

Gerald Clontz Trucking is a "non-resident" pursuant to O.C.G.A. § 9-10-91 and a "motor carrier" pursuant to the Federal Motor Carrier Safety Regulations. Gerald Clontz Trucking may be served with process pursuant to O.C.G.A. § 9-11-4(e)(7) by delivering a copy of the Summons and Complaint to a process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: Dawn Richardson/The Financial Integrity Group, 410 East Taylor Street, Suite G, Griffin, Spalding County, Georgia 30223.

13.

Gerald Clontz Trucking may also be served with a copy of the Summons and Complaint through the Georgia Secretary of State pursuant to O.C.G.A. § 40-1-117 and O.C.G.A. § 40-12-1 as Gerald Clontz Trucking is a non-resident motor carrier and is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in Georgia. Gerald Clontz Trucking may be served through the Secretary of State: Dawn Richardson/The Financial Integrity Group, 410 East Taylor Street, Suite G, Griffin, Spalding County, Georgia 30223.

14.

Gerald Clontz Trucking was properly served with process in this civil action.

15.

Gerald Clontz Trucking was sufficiently served with process in this civil action.

16.

Gerald Clontz Trucking is subject to the jurisdiction of this Court.

17.

Defendant Berkley Casualty Company ("Berkley") is a foreign corporation with its principal place of business in a state other than Georgia and is authorized to transact business in Georgia.

18.

At the time of the Subject Complaint, Gerald Clontz Trucking had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Lentz was operating at the time of the Subject Collision.

19.

The liability coverage for the collision described in this Complaint is being provided to Gerald Clontz Trucking through a policy of insurance issued by Berkley, which provides coverage to Gerald Clontz Trucking for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Lentz was operating at the time of the Subject Collision.

20.

Berkley is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, because Berkley was the insurer providing liability coverage for the defendant motor carrier Gerald Clontz Trucking at the time of the collision described in this Complaint.

21.

Berkley has agreed to acknowledge and accept service in this matter through its legal counsel, McMickle, Kurey & Branch LLP, 217 Roswell Street, Suite 200, Alpharetta, Georgia 30009.

22.

Once served with process, Berkley is subject to the jurisdiction and venue of this Court.

23.

Berkley may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

24.

Venue in the above-styled civil action is proper in this County and Court pursuant to O.C.G.A. § 40-117(b), as Gerald Clontz Trucking is a motor carrier and the Subject Incident giving rise to this action occurred in Rockdale County.

## FACTS

25.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

26.

On or about December 12, 2022, at approximately 8:05 am, Plaintiff was operating a silver 2019 Honda Accord in the third lane traveling westbound on Interstate 20 in Rockdale County, Georgia.

27.

On or about December 12, 2022, at approximately 8:05 am, Lentz was operating a 2000 Kenworth W900 tractor-trailer in the second lane traveling westbound on Interstate 20 in Rockdale County, Georgia.

28.

On or about December 12, 2022, at approximately 8:05 am, Gerald Clontz Trucking's tractor-trailer was being operated by Lentz.

29.

On or about December 12, 2022, at approximately 8:05 am, Lentz saw Plaintiff's vehicle in the lane adjacent to his lane on the right.

30.

On or about December 12, 2022, at approximately 8:05 am, even though Lentz saw Plaintiff's vehicle in the lane to the right of his vehicle, he attempted to merge into Plaintiff's lane of travel.

31.

Suddenly and without warning, Lentz drove his tractor-trailer into the driver's side of Plaintif's vehicle.

32.

Plaintiff attempted to avoid colliding with Lentz's tractor-trailer but was unable to do so.

33.

Lentz slammed Gerald Clontz Trucking's tractor-trailer into the driver's side of Plaintiff's vehicle, causing Plaintiff to suffer injuries.

34.

At all times related to the Subject Collision, Plaintiff was acting in a reasonable and prudent manner.

35.

Defendants do not blame Plaintiff for causing or contributing to the cause of the Subject Collision.

36.

Defendants are 100% at fault for causing the Subject Collision.

37.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the Subject Collision.

38.

No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

39.

No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

40.

No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

41.

Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

42.

As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST BERKLEY CASUALTY COMPANY

43.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

44.

Berkley provided liability insurance for the driver and/or tractor-trailer that was involved in the subject motor vehicle collision.

45.

Berkley agreed to provide insurance coverage to Gerald Clontz Trucking in consideration for the payment of insurance premiums.

46.

Berkley was transacting business in the State of Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

47.

Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

48.

Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Berkley is subject to this Direct Action.

### COUNT II: NEGLIGENCE OF GERALD CLONTZ TRUCKING, INC.

49.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

50.

At all times material hereto, Lentz was an employee of Gerald Clontz Trucking.

51.

At all times material hereto, Lentz was acting within the scope and course of his employment with Gerald Clontz Trucking.

52.

At all times material hereto, Lentz was driving under dispatch by Gerald Clontz Trucking and was a statutory employee of Gerald Clontz Trucking under the Federal Motor Carrier Safety Regulations.

53.

At all times material hereto, Lentz was acting within the scope and course of his statutory employment and dispatch by Gerald Clontz Trucking.

54.

At all times material hereto, Lentz was authorized by Gerald Clontz Trucking to operate the tractor-trailer that was involved in the collision described in this Complaint.

55.

Gerald Clontz Trucking is liable for the negligent actions and omissions of Lentz pursuant to the doctrine of *respondeat superior*.

56.

Gerald Clontz Trucking was the owner of the tractor-trailer operated by Lentz and is therefore liable for damages caused in this case.

57.

Gerald Clontz Trucking was also themselves negligent in the following ways:

a. Negligently hiring or contracting with Lentz to drive the tractor-trailer at issue;

b. Negligently training Lentz;

c. Negligently entrusting Lentz to drive the tractor-trailer professionally;

d. Negligently retaining Lentz to drive the tractor-trailer at issue;

e. Negligently qualifying Lentz;

f. Failing to supervise Lentz; and

    g.    Otherwise failing to act as a reasonably prudent company under the circumstances.

58.

As a direct and proximate result of the negligence of Lentz and Gerald Clontz Trucking in the ensuing collision, Plaintiff sustained severe and permanent injuries.

59.

Defendants are liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

### COUNT III: NEGLIGENCE OF DEFENDANT CONNOR LENTZ

60.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

61.

At all relevant times, Lentz owed the following civil duties to Plaintiff but violated those duties in the following ways:

    a.    Failing to maintain his lane of travel;

    b.    Failing to maintain proper control of his tractor-trailer;

    c.    Failing to keep a proper lookout for traffic;

    d.    Failing to make reasonable and proper observations while driving;

    e.    Failing to timely apply the brakes of his tractor-trailer in order to avoid the collision in question;

    f.    Failing to keep an assured safe distance from plaintiff's vehicle;

    g.    Failing to drive at a reasonable and prudent speed under the conditions;

    h.    Failing to obey traffic laws;

    i.    Operating a cellular mobile device while driving; and

j.  Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

62.

Lentz was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

a. Failing to Maintain Lane (O.C.G.A. § 40-6-48);

b. Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

c. Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

d. Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

e. Reckless Driving (O.C.G.A. § 40-6-390).

63.

As a result of Lentz's negligence, Plaintiff suffered severe and permanent injuries.

64.

Lentz is liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

### COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

65.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

66.

Each of the Defendants acted in a manner which either alone, and/or combined, committed acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries.

67.

As a direct and proximate result of the negligence of the Defendants, Plaintiff has incurred medical expenses in excess of $64,227.60.

68.

As a direct and proximate result of the negligence of the Defendants, Plaintiff sustained injuries to her head, shoulders, arms, neck and back.

69.

As a direct and proximate result of the negligence of the Defendants, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

70.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

### COUNT V: STUBBORN LITIGIOUSNESS

71.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

72.

Each of the Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to bring her cause of action and to incur legal fees and expenses for legal services.

73.

Plaintiff is entitled to recover attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 and other Georgia statutes.

**COUNT VI: PUNITIVE DAMAGES**

74.

Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

75.

The acts of Defendants were willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

76.

Accordingly, Defendants are liable to the Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against each Defendant;

c. For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

d. For judgment against each Defendant for attorneys' fees and expenses of litigation;

e. For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

  f. Court costs, discretionary costs, and prejudgment interest; and

  g. For all such further and general relief which this Court deems just and proper.

Dated this \_\_\_\_ day of July 2024.

        WLG Atlanta, LLC

        */s/ David Jeffrey Beaird*
        David Jeffrey Beaird
        Georgia State Bar Number 044685
        Adewale Odetunde
        Georgia State Bar Number 374418
        Attorneys for Plaintiff

Bank Of America Plaza
600 Peachtree Street NE, Suite 4010
Atlanta, GA 30308
Telephone: 470-881-8806
Facsimile: 470-880-5095
E-Mail: jeffrey.beaird@witheritelaw.com

**FIRST AMENDED COMPLAINT FOR DAMAGES – Page 14**